[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/09/99
THOMAS  K. KAHN
CLERK

No. 96-9412

D. C. Docket No. 1:95-CR-511-1-MHS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,
Cross-Appellant,

versus

LARRY DARNELL RUCKER,

Defendant-Appellant,
Cross-Appellee.

Appeals from the United States District Court
for the Northern District of Georgia

**(April 9, 1999)**

Before EDMONDSON and BLACK, Circuit Judges, and RESTANI[*], Judge.

BLACK, Circuit Judge:

---

[*] Honorable Jane A. Restani, Judge, U.S. Court of International Trade, sitting by designation.

Appellant Larry Darnell Rucker was convicted after a jury trial of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e), and unlawful possession of a prohibited weapon, in violation of 26 U.S.C. § 5861(d). At sentencing, the district court determined Appellant to be an armed career criminal within the meaning of U.S.S.G. § 4B1.4, but departed downward from the Guidelines range based on its view that Appellant's prior drug convictions were "very minor." Appellant challenges his convictions and the Government cross-appeals the district court's decision to depart from the Sentencing Guidelines. We affirm Appellant Rucker's convictions, but vacate his sentence and remand for re-sentencing. The only issue meriting discussion is the Government's cross-appeal.[1]

## I. BACKGROUND

At the time Appellant committed the offenses in this case, he already had three prior state convictions for possession with intent to distribute cocaine.[2] At sentencing, the district court concluded Appellant was an armed career criminal under U.S.S.G. § 4B1.4 because he had been convicted under 18 U.S.C. § 922(g) and had three prior

---

[1] Appellant argues: (1) the district court erred by denying his motion to suppress evidence; (2) the district court erred by refusing to admit a witness's polygraph results at trial; and (3) there was insufficient proof of a nexus to interstate commerce to support his conviction under 18 U.S.C. § 922(g). We affirm as to these issues. *See* 11th Cir. R. 36-1.

[2] Moreover, while Appellant Rucker was out on bond in this case, he committed another drug offense, which resulted in a guilty plea to possession with intent to distribute cocaine.

2

convictions constituting serious drug offenses within the meaning of 18 U.S.C. § 924(e). Under the U.S.S.G. § 4B1.4 Armed Career Criminal Guideline, Appellant had a total offense level of 34 and a criminal history category of VI. The resulting Guidelines range was 262-327 months' imprisonment.

Appellant moved for a downward departure, contending the small amounts of drugs involved in his prior offenses indicated he was only a small-time drug dealer. He also argued his prior convictions resulted from the negotiating tactics of the Dekalb County Public Defender's Office, which "because of the crush of cases there, negotiates a deal whereby if [a defendant] will just plead guilty to distribution, they will give him time served or a relatively short sentence."

The district court agreed that Appellant's prior drug convictions were "very minor" and stated they "indicate that [Rucker] is a street dealer, and a little one at that." In response to the Government's objection to this characterization of Appellant's prior offenses, the district court stated: "[Rucker] was dealing in a gram and a half of a gram at a time. You consider him a big time dealer?" The district court concluded Appellant's "criminal history category . . . over-represents the seriousness of his prior criminal records . . . ." On this basis, the district court departed 3 criminal history categories, resulting in a Guidelines range of 188-235

months' imprisonment.[3]   The district court sentenced Appellant to 188 months' imprisonment on the first count of conviction and 120 months' imprisonment on the second count of conviction,[4] to run concurrently.

The Government presents a number of arguments in support of its contention that the district court abused its discretion by granting Appellant's motion for a downward departure.  We consider only one of these arguments, as we agree the district court erred by departing from the Armed Career Criminal Guideline based on its conclusion that although Appellant Rucker's prior convictions fell within the statutory definition of serious drug offenses, they involved only small amounts of drugs and therefore were "very minor."

## II.  ANALYSIS

We review a district court's decision to depart from the Sentencing Guidelines for abuse of discretion.  *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047-48 (1996).  This abuse of discretion standard "includes review to determine that

---

[3] Although the district court did not specify the Guidelines provision under which it departed, its statements indicate the departure was pursuant to U.S.S.G. § 4A1.3, which provides:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

U.S.S.G. § 4A1.3.

[4] Although Appellant's two counts of conviction were grouped together pursuant to U.S.S.G. § 3D1.2 for purposes of calculating his Guidelines range, the statutory maximum sentence on the charge of unlawful possession of a prohibited weapon is ten years' imprisonment. 26 U.S.C. § 5871.

4

the discretion was not guided by erroneous legal conclusions." *Id.* at 100, 116 S. Ct. at 2048.

U.S.S.G. § 4B1.4 defines an armed career criminal as a defendant "who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a). A defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e) if he violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). Section 924(e) defines a serious drug offense to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

In this case, the parties agree that Appellant's prior state narcotics convictions constitute serious drug offenses within the meaning of 18 U.S.C. § 924(e)(2)(A)(ii) and that Appellant therefore falls within the U.S.S.G. § 4B1.4 Armed Career Criminal Guideline. They disagree, however, as to whether the district court was authorized to depart based on its view that although the prior convictions fell within the statutory

5

definition of serious drug offenses, they involved only a small amount of drugs and therefore were "very minor."

In *United States v. Gonzalez-Lopez*, 911 F.2d 542 (11th Cir. 1990), the Court considered a district court's alternative holdings that: (1) the defendant's prior convictions did not in fact constitute crimes of violence within the meaning of the U.S.S.G. § 4B1.1 Career Criminal Guideline because the specific conduct involved in the prior offenses "lacked the requisite element of violence to qualify as predicate crimes of violence" under the Guideline; (2) even if the defendant did fall within the Career Criminal Guideline, a downward departure was warranted due to the nature of the prior offenses; and (3) sentencing the defendant as a career offender would be "grossly unfair and grossly excessive." *Id.* at 545 (internal citation and quotations omitted). Only our analyses of the first two alternative holdings are relevant here.

With respect to the district court's ruling that the defendant's prior convictions did not constitute crimes of violence, the Court held that "the [G]uidelines prohibit the sentencing court from reviewing the underlying facts of a conviction to determine whether it is a crime of violence for career offender purposes." *Id*. at 548. The Court further held that, using a categorical approach looking only at the elements or inherent nature of the offense, the defendant's prior convictions did constitute crimes of violence. *Id.* at 549. The Court also reversed with respect to the district court's

6

alternative ruling that if the defendant did qualify as a career offender, a downward departure would be warranted due to the nature of the prior offenses. In so ruling, the Court rejected the defendant's argument that the Sentencing Commission had not adequately considered the distinction between predicate "crimes that involve the actual use of force and result in injury, and those that involve nothing more than the threat of force and do not result [in] injury." *Id.* We reasoned:

> [I]t would impute a serious lack of forethought on the part of the Commission to conclude that on the one hand a sentencing court is *prohibited* from reviewing facts underlying a conviction to determine whether it is a crime of violence when initially characterizing a defendant as a career offender, and on the other, to permit a review of the particular facts of each prior conviction to determine whether departure is warranted on the grounds that no injury resulted. *If this were the case, those defendants characterized as career offenders would nonetheless receive radically disparate sentences. Such a result would be contrary to the intent of the [G]uidelines.*

*Id.* at 550 (emphasis added and citation omitted).[5]

---

[5] In *United States v. Spell*, 44 F.3d 936 (11th Cir. 1995), the Court somewhat modified the *Gonzalez-Lopez* categorical approach to determining whether a prior offense constitutes a crime of violence for purposes of U.S.S.G. § 4B1.1. In *Spell*, we noted that the Guidelines had been amended such that the commentary to the Guidelines precluded a purely categorical approach to determining whether a prior conviction is a crime of violence within the U.S.S.G. § 4B1.1 Career Criminal Guideline, but still held that "a district court only may inquire into the conduct surrounding a conviction if ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." *Id.* at 939 (citation omitted). As Appellant does not contend that ambiguities in his prior judgments make the serious drug offense determinations impossible from the face of the judgments themselves, the *Spell* modification of *Gonzalez-Lopez* does not have any bearing on this case.

7

Our analysis here is further aided by this Court's discussion in *United States v. Phillips*, 120 F.3d 227 (11th Cir. 1997), as to the scope of U.S.S.G. § 4A1.2, the provision upon which the district court appears to have relied in departing from the Armed Career Criminal Guideline. In *Phillips*, the Court considered, inter alia, whether the district court erred by departing downward under U.S.S.G. § 4A1.3 based on its view that the defendant had not in fact been guilty of a prior offense serving as a predicate crime of violence under the U.S.S.G. § 4B1.1 Career Criminal Guideline. In rejecting this basis for the departure, the Court stated: "Just as a district court may not directly negate a prior conviction because of doubts about the verity of the result, it also may not do that indirectly by departing downward because of those same doubts." *Id.* at 231. We further stated that "[o]ur cases addressing § 4A1.3 appear to have applied it to a pattern of criminal conduct, not to an individual crime. . . . [Section 4A1.3] is concerned with the pattern or timing of prior convictions, not with doubts about their validity." *Id.* at 232.

In this case, the parties agree it is clear from the judgments that Appellant's prior convictions fall within the § 924(e) definition of serious drug offenses. As for the issue here, whether the district court erred by looking behind the fact of the convictions for purposes of determining whether a downward departure was

warranted, the reasoning in *Gonzalez-Lopez* persuades us.[6]  As in *Gonzalez-Lopez*, it would make no sense in this case to conclude that although a sentencing court may not look behind the fact of an unambiguous judgment in determining whether a prior conviction serves as a predicate serious drug offense placing the defendant within the Armed Career Criminal Guideline, it may do so to conclude a downward departure is warranted on the grounds that the offense involved only a small amount of drugs and therefore was not serious.[7]

In so holding, we reject Appellant's argument that the "pattern" referred to in *Phillips* includes consideration of whether a defendant is a big-time dealer or merely a small-time street-level seller.  In effect, under Appellant's view, a district court could depart from the Armed Career Criminal Guideline based on its view that although a prior offense falls within the statutory definition of a serious drug offense, it involved only a small amount of drugs and therefore was not serious.  Such a result

---

[6] Although *Gonzalez-Lopez* involved the U.S.S.G. § 4B1.1 Career Criminal Guideline and the definition of a crime of violence as opposed to the U.S.S.G. § 4B1.4 Armed Career Criminal Guideline and the 18 U.S.C. § 924(e) definition of a serious drug offense, we see no reason to depart from the rationale set out in that case.

[7] Appellant contends this Court's decision in *United States v. Webb*, 139 F.3d 1390 (11th Cir. 1998), dictates a contrary result.  In that case, the Court simply held that U.S.S.G. § 4A1.3 "does authorize the sentencing court to downward depart regardless of a defendant's status as a career offender under § 4B1.1."  *Id.* at 1395 (footnote and citations omitted).  The Court did not consider whether, once a district court determines prior convictions constitute serious drug offenses or crimes of violence invoking a career offender provision, it can then depart under § 4A1.3 because it concludes the prior offenses really were not serious or violent.

would not be in accord with our precedent. *See Gonzalez-Lopez*, 911 F.2d at 550 (to permit a departure based on the fact that a prior crime of violence did not result in injury would be contrary to the intent of the Guidelines because under that approach "defendants characterized as career offenders would nonetheless receive radically disparate sentences" (citation omitted)); *cf. Phillips*, 120 F.3d at 232 ("Section 4A1.3 does not permit . . . a lower sentencing range resulting from the judge's doubts about whether the defendant was truly guilty or fairly convicted of a prior crime.").[8]

---

[8] Appellant also argues that to reverse the district court's departure in this case would be contrary to the result reached by other Circuits. The only cases relied upon by Appellant that are at all relevant to the issue in this case are distinguishable in they did not permit a departure based simply on the specific facts underlying the prior convictions, but rather based on a comparison of a defendant's prior offenses to those of other defendants falling within the same Guidelines enhancement provision. *See United States v. Reyes*, 8 F.3d 1379, 1386-1387 (9th Cir. 1993) (affirming a departure from the Career Criminal Guideline based on the district court's conclusion that the defendants' history and current offenses differed from those of most career offenders; the court stated "the sentencing ranges resulting in exceptional discrepancies were not adequately considered"); *United States v. Sanchez-Rodriguez*, 161 F.3d 556, 561 (9th Cir. 1998) (en banc) (affirming downward departure where defendant received a 16-level enhancement under U.S.S.G. § 2L1.2(b)(2) because "[a]ccording due deference to the district court, [the court could not] say that it was an abuse of discretion to hold that a $20 heroin sale is different in kind and degree from, or outside of the norm of, other offenses . . . that similarly trigger the 16-level enhancement"); *see also United States v. Spencer*, 25 F.3d 1105, 1113 (D.C. Cir. 1994) (reversing the district court's ruling that application to the defendant of the Career Criminal Guideline violated the Fifth and Eighth Amendments, the court noted that if the district court "had determined [the defendant's] criminal history was so minor that it rendered his an 'unusual' career offender case, [it saw] no reason why the court could not invoke § 4A1.3 to depart downward" (internal emphasis and citation omitted)). Although the district court in this case did in passing contrast Appellant with major drug-dealer defendants who receive departures for providing substantial assistance to the Government, it did not compare Appellant's criminal history to that of other defendants falling within the Armed Career Criminal Guideline. Even were this not a basis on which to distinguish our case from those relied upon by Appellant, we still would reach the same result. Permitting departure based on the comparison of the facts underlying a defendant's prior convictions to those underlying the prior convictions of most career offenders would impermissibly override the Sentencing Commission's efforts to uniformly subject career offenders to enhanced penalties.

## III.  CONCLUSION

We hold the district court erred by departing from the U.S.S.G. § 4B1.4 Armed Career Criminal Guideline based on its conclusion that although Appellant Rucker's prior convictions fell within the statutory definition of serious drug offenses, they involved only small amounts of drugs and therefore were "very minor."

AFFIRMED IN PART, VACATED IN PART and REMANDED FOR RE-SENTENCING.