[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/18/1999
THOMAS K. KAHN
CLERK

_____

No. 98-3671
Non-Argument Calendar

_____

D. C. Docket No. 98-00146-CR-ORL-18C

UNITED STATES OF AMERICA,

Plaintiff-Appellant,
Cross-Appellee,

versus

JOHN BRADLEY DAVIS,

Defendant-Appellee,
Cross-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(August 18, 1999)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Appellee John Bradley Davis pled guilty to possession of three or more images of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B). At sentencing, the district court determined Appellant's offense level to be 16 but granted a downward departure because of "extraordinary circumstances" including "the absence of the victim" and "the fact that the defendant made no use of the pornographic material other than for personal use" and sentenced Appellant to two years probation. The Government appeals the sentence contending the district court erred in granting a downward departure from the applicable Sentencing Guidelines range, U.S.S.G. § 5K2.0. Appellee cross-appeals contending the district court plainly erred in setting his offense level at 16. Based upon our review of the record, we conclude the district court improperly departed downward, and thus vacate and remand for resentencing. Additionally, the district court should clarify the calculation of Appellee's total offense level on remand.

We review the district court's decision to depart downward from the Sentencing Guidelines for abuse of discretion. *United States v. Rucker*, 171 F.3d 1359, 1361 (11th Cir. 1999). This abuse of discretion standard "includes review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* (citation omitted). Because Appellee failed to object to his total offense level, we review this claim for plain error. *United States v. Olano*, 113 S. Ct. 1770, 1776-1779 (1993).

2

A sentencing court must impose a sentence within the applicable Guideline range unless it finds there exists "a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines that should result in a sentence different from that described." *United States v. Willis*, 139 F.3d 811, 812 (11th Cir. 1998) (quoting U.S.S.G. § 5K2.0). To grant a departure, the court must first determine whether any factor makes a case fall outside the "heartland" of typical cases embodying the conduct described in the applicable guideline. *See Koon v. United States*, 116 S. Ct. 2035, 2046-2047 (1996). If a case is found to be atypical, the court must consider whether the factor should result in a different sentence. *Id.* To determine whether a factor should result in a different sentence, a district court must first decide whether the factor is forbidden, encouraged, discouraged, or unaddressed by the guidelines as a potential basis for departure. *Id.* at 2045.

If a factor is forbidden, *e.g.,* race, sex, national origin, creed, religion and socio-economic status, a district court cannot use it to depart from the applicable guideline. *Id.* at 2047. If a factor is encouraged, *e.g.,* causing death, a court is authorized to depart from the applicable guideline if the guideline does not already take that factor into account. *Id.* at 2045. If a factor is discouraged, *e.g.,* education and vocational skills, or is an encouraged factor already taken into account by the

3

applicable guideline, a district court may depart only if the factor is present to an exceptional degree or in some other way makes the case distinguishable from an ordinary case where the factor is present. *Id.* at 2045.

Finally, a district court may depart on the basis of a factor not addressed by the Sentencing Commission if it finds, "after considering the 'structure and theory of both relevant individual guidelines and the Guidelines taken as a whole,'" that the factor takes the case out of the applicable Guideline's heartland. *Id.* at 2045 (citation omitted).

The district court granted a downward departure because of "extraordinary circumstances" including "the absence of the victim" and "the fact that the defendant made no use of the pornographic material other than for personal use." These bases for departure are not atypical and therefore the district court abused its discretion in granting the departure. The district court sentenced Appellant pursuant to U.S.S.G. § 2G2.4(s) which addresses mere possession of child pornography. *Cf.* U.S.S.G. **§2G2.2**(a) (providing for increased offense level for one engaging in trafficking, transporting, shipping, or advertising of child pornography). We have recently explained that the harm resulting from possession of child pornography occurs when one sustains a market for such pictures. *United States v. Miller*, 146 F.3d 1281, 1285 (11th Cir. 1998). Therefore, it is not necessary for one to derive any benefit from the

4

child pornography or actively solicit the pornography, provided one's actions play a role in the distribution network. *Id.* Accordingly, the applicable Guideline adequately takes into account Appellant's mere possession of pornography. We therefore conclude the district court erred in departing downward on these bases and vacate and remand the case for resentencing.[1]

On remand, the district court should clarify the basis for its determination of Appellee's total offense level. The PSI calculated Appellee's total offense level at 18, representing the application of a three level reduction for acceptance of responsibility and three sentence enhancements for use of a computer in obtaining child pornography, possession of materials involving minors, and possession of ten or more items containing visual depictions involving the sexual exploitation of a minor. The district court stated at sentencing it was adopting the PSI's application of the Guidelines, except the sentence enhancements for possession of materials involving minors, and possession of ten or more items containing visual depictions involving the

---

[1] The district court may have also relied on Appellee's lack of criminal history as a basis for departing downward because the court noted he "never had any prior brushes with the law." Such a departure would be inappropriate because Appellee's criminal history category fell within Category I which adequately accounted for his lack of criminal history. *See* U.S.S.G. § 4A1.3 (stating that "a departure below the lower limit of guideline range for Criminal History Category I on the basis of the adequacy of criminal history cannot be appropriate."). Appellee further contends other bases support the district court's departure. However, "in reviewing downward departures, [this Court only] considers the reasons for departure actually articulated by the sentencing court." *United States v. Baker*, 19 F.3d 605, 616 (11th Cir. 1994) (quotation and citation omitted).

sexual exploitation of a minor. Accordingly, Appellee's total offense level should have been set at 14. The district court, however, sentenced Appellee based on a total offense level of 16. Upon remand, the district court should clarify its calculation of Appellee's total offense level.

VACATED AND REMANDED.