[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2006
THOMAS K. KAHN
CLERK

No. 05-13924
Non-Argument Calendar

_____

D. C. Docket No. 04-00288-CR-1-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOPAZ CRAIG DARDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 26, 2006)**

Before ANDERSON, CARNES  and PRYOR, Circuit Judges.

PER CURIAM:

Topaz Craig Darden appeals his conviction and sentence for possession of a

firearm by a convicted felon, 18 U.S.C. § 922(g). First, Darden argues that the district court erred in not allowing him to introduce as evidence medical records from the day of his arrest or records of a 911 call made by a witness to his arrest, both of which indicated that Darden may have been assaulted by police during his arrest. Darden sought to introduce this evidence and impeach the trial testimony of his arresting officer. Second, Darden asserts that the district court erred in not granting his request for a mistrial after a witness testified that Darden was on probation at the time of his arrest. Third, Darden contends that the district court erred in sentencing him under the Armed Career Criminal Act ("ACCA"), when the prior convictions upon which the court relied in enhancing his sentence were not charged in his indictment or proven to a jury beyond a reasonable doubt. Finally, Darden argues that the district court erred in concluding that, even after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), it could not sentence him below the Guideline range because our decision in United States v. Rucker, 171 F.3d 1359 (11th Cir. 1999), limited its discretion.

**Admission of Medical Records and 911 Call**

We review the district court's evidentiary rulings for abuse of discretion. United States v. Henderson, 409 F.3d 1293, 1297 (11th Cir. 2005), cert. denied, __

S.Ct. __ (Feb. 21, 2006).  Furthermore, we will only reverse a district court's

evidentiary rulings for harmful error.  See United States v. Wilson, 578 F.2d 67, 68

(5th Cir. 1978).

Hearsay is a statement, other than one made by the declarant while testifying

at trial, offered in evidence to prove the truth of the matter asserted.  Fed.R.Evid.

801(c).  As a general rule, hearsay is not admissible except as provided by the

hearsay exceptions. Fed.R.Evid. 802.  Federal Rule of Evidence 803(4) defines a

hearsay exception for statements made for the purpose of medical diagnosis or

treatment in this way:

> Statements made for purposes of medical diagnosis or treatment and
> describing medical history, or past or present symptoms, pain, or
> sensations, or the inception or general character of the cause or
> external source thereof insofar as reasonably pertinent to diagnosis or
> treatment.

Fed.R.Evid. 803(4).  The advisory committee notes to this rule give the following

explanation as to the scope of the rule:

> [Fed.R.Evid. 803(4)] also extends to statements as to causation,
> reasonably pertinent to [purposes of diagnosis or treatment], in accord
> with the current trend.  Statements as to fault would not ordinarily
> qualify under this latter language.  Thus a patient's statement that he
> was struck by an automobile would qualify but not his statement that
> the car was driven through a red light.

Fed.R.Evid. 803(4) advisory committee's note (citations omitted).

3

The statement in Darden's medical records that he was beaten by police contains a mixture of admissible and inadmissible evidence because, while the statement that Darden was "beaten" goes to cause, the statement that he was beaten "by the cops" goes to the fault of his injuries. See Fed.R.Evid. 803(4) and advisory committee's note. Nevertheless, the district court did not abuse its discretion in denying the admission of Darden's medical records because the records did not contradict his arresting officer's trial testimony, and thus would not have served any impeachment purpose. Likewise, the statement from an unidentified 911 caller that police were jumping on Darden at the time of his arrest did not contradict the arresting officer's testimony about how he arrested Darden.

**Motion for a Mistrial**

We review a district court's refusal to grant a mistrial for an abuse of discretion. United States v. Trujillo, 146 F.3d 838, 845 (11th Cir. 1998). "The decision of whether to grant a mistrial lies within the sound discretion of a trial judge as he or she is in the best position to evaluate the prejudicial effect of improper testimony." United States v. Perez, 30 F.3d 1407, 1410 (11th Cir. 1994). "When a curative instruction has been given to address some improper and prejudicial evidence, we will reverse only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition." United States v. Harriston, 329

F.3d 779, 787 n.4 (11th Cir. 2003) (quotation omitted).

The district court did not abuse its discretion by denying Darden's motion for a mistrial because the comment made by a witness at trial that Darden was on probation at the time of his arrest was not incurably prejudicial. The district court instructed the jury to disregard this remark. In addition, the parties stipulated before the jury that Darden had a prior felony conviction. In light of the district court's instruction and the parties' stipulation, Darden has not indicated the precise manner in which he was prejudiced by the remark, claiming only that the jury may have viewed him as a recent offender. See Harriston, 329 F.3d at 787 n.4; see also United States v. Shenberg, 89 F.3d 1461, 1472 (11th Cir. 1996) (noting that this Court presumes that the jury follows the district court's instructions). Because this knowledge is not so prejudicial as to demand a retrial, we hold that the district court did not abuse its discretion.

**ACCA Enhancement**

We review constitutional errors in sentencing de novo, but "will reverse the district court only if any error was harmful." United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). In Almendarez-Torres v. United States, 523 U.S. 224, 228, 118 S.Ct. 1219, 1223, 140 L.Ed.2d 350 (1998), the Supreme Court held that "[a]n indictment must set forth each element of the crime that it charges . . . [,b]ut it need

5

not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime."

In Booker, 543 U.S. at 232-35, 125 S.Ct. at 749-51, the Supreme Court extended its holding in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and concluded that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. The Supreme Court also explicitly reaffirmed its rule first pronounced in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S.Ct. at 756.

Prior to Booker, we held that Almendarez-Torres was good law. United States v. Marseille, 377 F.3d 1249, 1257-58 & n.14 (11th Cir.), cert. denied, 543 U.S. 1013 (2004). After Booker, we held that the Supreme Court's decision in Almendarez-Torres "was left undisturbed by Apprendi, Blakely, and Booker," and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). Again, after Booker, we continued to apply Almendarez-Torres in

6

explaining that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005) (citing Almendarez-Torres, 523 U.S. 224, 118 S.Ct. 1219).

In Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Supreme Court addressed Almendarez-Torres briefly. The Court reaffirmed the "categorical" approach to establishing a predicate prior conviction for purposes of the ACCA and held that when a prior state conviction resulted from a guilty plea, federal sentencing courts may only consider the terms of the charging document, the terms of a plea agreement, the transcript of a plea colloquy with the judge during which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information, but not other underlying documents such as police reports. Shepard, 544 U.S. at __, 125 S.Ct. at 1263. In a separate section of the opinion, a plurality of the Court explained that a dispute over whether a burglary was a violent felony for purposes of the Act because it was committed in a building or enclosed space could be "described as a fact about a prior conviction." Id. at __, 125 S.Ct. at 1262. Nevertheless, the plurality noted that the determination was "too far removed from the conclusive significance of a

prior judicial record, and too much like the findings subject to Jones [v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)] and Apprendi, to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute." Id. Darden does not argue in this case that the district court consulted any source that was prohibited by Shepard.

After Shepard, this Court in Camacho-Ibarquen noted that Almendarez-Torres must be followed because while Shepard "may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres." Camacho-Ibarquen, 410 F.3d at 1316 n.3. In a separate opinion, this Court noted that Shepard does not alter the understanding that "because the prior-conviction exception remains undisturbed after Booker, a district court does not err by relying on prior convictions to enhance a defendant's sentence." United States v. Orduno-Mireles, 405 F.3d 960, 962 & n.3 (11th Cir.), cert. denied, 126 S.Ct. 223 (2005); see also United States v. Greer, 440 F.3d 1267,1273 (11th Cir. 2006) (reaffirming that "unless and until the Supreme Court specifically overrules Almendarez-Torres, [this Court] will continue to follow it").

Because Darden's enhancement under U.S.S.G. § 4B1.4(b)(3)(B) for being an armed career criminal involved a determination that he had prior qualifying

convictions, the enhancement did not implicate the Apprendi/Blakely/Booker line of cases because those cases clearly exempt prior convictions from the types of facts that must be admitted by the defendant or proved to a jury beyond a reasonable doubt in order to support a sentence enhancement. The Supreme Court's decisions in Apprendi, Blakely, Booker, and even Shepard, have not overruled its holding in Almendarez-Torres that prior convictions may be considered in enhancing sentences. Thus, after Booker, a judge still is able to impose enhancements on the basis of a defendant's prior conviction.

**Sentencing Outside of the Guidelines Range**

In United States v. Rucker, 171 F.3d 1359, 1360-61 (11th Cir. 1999), we vacated a defendant's sentence imposed after the district court found that his criminal history category over-represented the seriousness of his prior drug offenses and, as a result, departed three criminal history categories in calculating the defendant's sentence. In so doing, we emphasized that the district court "erred by looking behind the face of the convictions for purposes of determining whether a downward departure was warranted . . . ." Id. at 1363.

"Under Booker, there are two kinds of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated

9

where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Id. (quotation omitted). The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Shelton, 400 F.3d at 1330-31. Moreover, after Booker, in sentencing a defendant, the district court must consider the factors provided at 18 U.S.C. § 3553(a) and the advisory Guideline range. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Because Darden objected below to the district court's mandatory application of the Guidelines, we review his claim of Booker error de novo, but reverse only for harmful error. See Paz, 405 F.3d at 948. We apply separate harmless error standards to Booker constitutional errors and to Booker statutory errors. United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005). "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." Id. at 1291 (citation omitted). In contrast, Booker statutory errors are subject to the less demanding non-constitutional error test. Id. at 1292. A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the

10

error did not affect the sentence, or had but very slight effect." Id. (quotation and alterations omitted). "If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. (quotation and alterations omitted). The government has the burden of proof under both standards. See id. at 1291-92.

In this case, the district court judge, who sentenced Darden months after the Supreme Court issued its decision in Booker, stated that she wanted to sentence him below the Guideline range, but that, in order to follow our decision in Rucker, she had to work within the Guideline range. Therefore, the district court sentenced Darden "under a mandatory Guidelines scheme," and, in so doing, committed statutory Booker error. See Shelton, 400 F.3d at 1330-31. Because the government concedes that the district court erred in finding that Rucker barred the court from sentencing Darden outside of the Guideline range, which the court desired to do, the government has not demonstrated that the error in this case was harmless. Accordingly, we vacate Darden's sentence and remand his case to the district court for resentencing. In so doing, we note that Darden raised no claim about the calculation of his Guideline range, and thus that calculation should control on remand. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the Guidelines and

11

"[t]his consultation requirement, at a minimum, obliges the district court to calculate <u>correctly</u> the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Darden under an advisory Guidelines system, considering the Guideline range of 235-293 months' imprisonment and the factors provided at 18 U.S.C. § 3553(a). <u>See</u> <u>Booker</u>, 543 U.S. at 245-46.

**Conclusion**

Based on a review of the record on appeal, we vacate Darden's sentence and remand his case to the district court for resentencing, considering the applicable Guideline range and the factors provided at 18 U.S.C. § 3553(a). We affirm the remaining issues on appeal.

**VACATED AND REMANDED IN PART; AFFIRMED IN PART.**[1]

---

[1] Darden's request for oral argument is denied.