[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2006
THOMAS K. KAHN
CLERK

No. 05-16208
Non-Argument Calendar

_____

D. C. Docket No. 05-00062-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRANT FARLEY, JR.,
a.k.a. Eric,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 19, 2006)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Grant Farley, Jr. appeals his 188-month concurrent sentences, imposed after he pled guilty to five counts of possession with intent to distribute cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C), and one count of possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On appeal, he argues that the district court's sentence was unreasonable for failing to take into account the nature and circumstances of his arrest and prior convictions, making his sentence "greater than necessary" to comply with the sentencing purposes of 18 U.S.C. § 3553(a). For the reasons set forth more fully below, we affirm.

According to the undisputed facts in the presentence investigation report (PSI), Clearwater Police began using undercover officers to purchase crack cocaine, and, on November 8, 2004, purchased .1 gram of cocaine base from a person later identified as Farley. Undercover officers made five additional purchases from Farley, including one buy of 8.4 grams of cocaine base on November 30, 2004. Clearwater police subsequently arrested Farley, following a purchase of 1.1 grams of cocaine base on February 10, 2005, and a grand jury indicted him for six counts of possession with intent to distribute cocaine base, including one sale of more than five grams.

The PSI initially set Farley's base offense level at 26 after finding that

Farley was responsible for at least 5, but less than 20 grams, of cocaine base, pursuant to U.S.S.G. § 2D1.1(a)(3). Farley then received a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), for a total offense level of 23. However, Farley was found to be a career offender because he had at least two prior state felony convictions for controlled substance offenses, requiring his offense level to be set at 34 because the statutory maximum penalty for his federal offense was 40 years' imprisonment. With the benefit of the three-level reduction for acceptance of responsibility, Farley's ultimate offense level was set at 31. While the career offender status required that Farley be placed in criminal category VI, the PSI noted a total of 30 criminal history points, well above the 13 or more points required to be placed at criminal history category VI without being a career offender. With offense level 31 and criminal history category VI, the guidelines recommended a sentencing range of 188 to 235 months' imprisonment. Among other things, the PSI noted that Farley had abused alcohol and marijuana since the age of 14.

Farley filed no objections to the PSI, but did file a motion entitled "Defendant's Mitigation Sentencing Memorandum and Request for a Reasonable and/or Equitable Sentence." In it, Farley argued that the "calculated tactics" of the detectives that ultimately arrested Farley resulted in his sentence being enhanced

because the detectives, although they could have arrested Farley following any of the first four cocaine base purchases, chose not to arrest Farley until he had sold them 8.4 grams in one sale, providing the more than five grams required to charge Farley for a crime carrying a 40-year statutory maximum sentence. Farley indicated that he was not alleging racial discrimination or equal protection violations, but was arguing that the detectives knew what the federal statute required and knew that the federal government would not be interested in prosecuting Farley until they had a sale of more than five grams of crack cocaine. In light of the detectives' calculated conduct, Farley suggested that, because of the nature and circumstances surrounding his case, specifically the conduct of the police, a 92-month sentence would more readily accomplish the sentencing goals of 18 U.S.C. § 3553(a).

At sentencing, Farley essentially re-argued the merits of his request for a lower sentence, noting as well that he was not arguing "sentence entrapment or sentencing manipulation." Farley argued that, without the enhancement for being a career offender, his sentencing range would have been 92 to 115 months' imprisonment, and, in light of the court's sentencing discretion, argued that 92 months would be a reasonable and fair sentence in light of the fact that the detectives did not arrest Farley until he had sold an amount of cocaine base

4

triggering the 40-year statutory maximum sentence that, in turn, triggered his enhanced sentence.

The district court addressed Farley, and noted that Farley, at the time of sentencing, was 30 years' old, but had some 38 criminal cases on his record. The government pointed out that Farley had three times the number of criminal history points required to be placed in criminal history category VI, but recommended a sentence at the low-end of the enhanced guideline range. The court then noted that, by its count, Farley had eight different crack cocaine convictions in state courts, resulting in four different prison sentences. The court further noted that, while Farley had either quit dealing or eluded arrest from 2001 until the present, his criminal history indicated that he was a street dealer whose record had landed him in federal court. The court then stated that it had looked at the advisory guidelines, the sentencing factors at § 3553(a), as well as the defendant's characteristics and the circumstances of the six drug sales that led to the instant charges. Addressing Farley directly, the court stated that, "under [section] 3553 . . . the public needs to be protected from someone like yourself . . . in the big picture, you're responsible for a lot of heartache and a lot of harm . . . ." Thus, the court sentenced Farley to 188 months' (15.6 years) imprisonment on each count to run concurrently, and directed that Farley participate in a drug and alcohol

dependency treatment program. In closing, the court noted that a low-end sentence was "generous in terms of a recommendation from the government," but was sufficient and not greater than necessary to comply with the purposes of § 3553.

On appeal, Farley argues that the district court, in light of its discretion post-Booker[1] and the § 3553(a) factors, failed to properly consider the nature and circumstances of Farley's arrest and conviction when imposing a sentence. Farley further argues that the court failed to consider that the aggregate amount of crack cocaine involved in the case was only 15.9 grams, and, therefore, a 188-month sentence was greater than necessary. Lastly, Farley requests that this Court find that the sentence recommended for the amount of cocaine base involved—92 to 115 months—was sufficient and not greater than necessary to accomplish § 3553(a)'s sentencing purposes. The government characterizes Farley's argument as a "sentencing manipulation" defense, and urges us to reject such a defense as either a ground for a departure or a variance under § 3553(a)'s factors.

As a preliminary matter, while the government spends a great deal of time arguing about the applicability of the "doctrine of sentencing manipulation," Farley made clear that his claim was not sentencing manipulation. Farley's argument was intended, as we see it, to persuade the court to use its sentencing discretion and

_____

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 421 (2005).

impose a lower sentence than the one recommended by the guidelines based on the nature and circumstances of the offense, a factor clearly contemplated by 18 U.S.C. § 3553(a)(1). Indeed, Farley's appellate brief does not even mention the term "sentencing manipulation," nor does it offer any argument regarding such a doctrine. Had he intended to raise this issue, therefore, we would be obliged to consider it abandoned.[2] Thus, while the government makes numerous arguments to persuade us to reject the doctrine of sentencing manipulation, these arguments are not applicable to this case, and, therefore, need not be addressed. Moreover, the government takes issue with Farley's proposed sentencing range, but this argument, like the sentencing manipulation arguments, is not at issue either. The issue is whether the district court's sentence, imposed after the parties conceded that the guideline range was correctly calculated, was unreasonable in light of the factors set forth at 18 U.S.C. § 3553(a).

In any event, to the extent the conduct of the police is relevant to the circumstances of the offense, we have held that the mere fact that police engaged in multiple drug transactions (instead of immediately arresting the defendant) was no more manipulative than conducting a sting operation with a large amount of drugs

---

[2] See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir.1998); Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 ("Any issue that an appellant wants the Court to address should be specifically and clearly identified in the brief. . . . Otherwise, the issue-even if properly preserved at trial-will be considered abandoned.).

instead of a small one, and, therefore, to the extent a "sentencing manipulation" defense is even applicable, a defendant fails to make out such a defense by alleging that, but for the government's conduct, more controlled purchases took place, increasing liability at sentencing.[3]  United States v. Govan, 293 F.3d 1248, 1251 (11th Cir. 2002) (holding that, to the extent sentencing manipulation was an available defense, the facts of the case did not warrant the district court's grant of a downward departure because the government's actions, which resulted in four drug sales instead of one, were not manipulative).  Thus, while the district court could consider the nature and circumstances of the offense, the mere fact the police did not immediately arrest Farley following the first drug transaction did not, by and of itself, require imposing a lesser sentence.

Turning to the main issue of the sentence itself, where a defendant challenges his overall sentence, we review for unreasonableness.  United States v. Winingear, 422 F.3d 1241, 1244-45 (11th Cir. 2005); United States v. Booker, 543 U.S. 220, 261-62, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005) (holding that appellate courts review sentences for unreasonableness in light of the § 3553(a)

---

[3] We note that the government filed a supplemental letter of authority, pursuant to Fed.R.App.P 28(j), directing our attention to an unpublished opinion, United States v. Williams, No. 05-15140 (11th Cir. May 17, 2006).  While it is not precedent, Williams essentially reaffirmed the holding in Govan, and, therefore, only Govan is discussed, to the extent that it is even relevant to this appeal.  Unlike in Williams and Govan, Farley has not asserted a sentencing manipulation or sentencing entrapment defense.  The issue is discussed only insofar as the conduct of the police was relevant to the reasonableness of the court's sentence.

factors). At the time of Farley's sentencing on November 1, 2005, the Supreme Court had issued its ruling in <u>Booker</u> rendering the guidelines advisory only, and, therefore, the district court, while required to consult and properly calculate the guideline range, was not bound by the recommended range 188 to 235 months. See <u>Booker</u>, 543 U.S. at 259-60, 125 S.Ct. at 764-65 (excising the mandatory application of the guidelines); <u>United States v. Crawford</u>, 407 F.3d 1174, 1178 (11th Cir. 2005) (holding that, although the guidelines are advisory after <u>Booker</u>, the district court is still bound to consult them and accurately calculate the sentencing range). As to the government's "presumptive" reasonableness argument, we have rejected the notion that a sentence within the guidelines is <u>per se</u> reasonable, although "the use of the Guidelines remains central to the sentencing process." <u>United States v. Talley</u>, 431 F.3d 784, 787 (11th Cir. 2005). We have further stated that, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." <u>Id.</u> at 788.

In the instant case, Farley filed a memorandum and argued to the district court why he believed the guidelines recommended a more severe sentence than warranted under the facts and circumstances of his case. In short, he argued that

the guidelines' career offender enhancement (based on a 40-year statutory maximum sentence) was triggered only because the Clearwater Police did not arrest him until after he had consummated a sale of more than five grams of cocaine base. The record actually reflects that the Clearwater Police did not arrest Farley at the time he sold them more than five grams, but rather after a sale of 1.1 grams of cocaine base roughly two and a half months later. Notwithstanding that fact, the district court reviewed and heard Farley's request for a lower sentence based on the nature and circumstances of the offense, and acknowledged that it had considered that argument prior to imposing sentence. What the court found more impressive, however, was that Farley had amassed a total of 30 criminal history points by the age of 30, demonstrating a high rate of recidivism and a danger to the community. The court noted that, under § 3553, one factor is that the public needs to be protected from further crimes by the defendant, and found that Farley had caused "a lot of heartache and a lot of harm." It further found that the government was being generous by recommending a low-end guideline sentence, but imposed 188 months, the low-end of the undisputed, recommended guideline range.

In light of the foregoing, it cannot be said that Farley's sentence was unreasonable. The court considered Farley's request for a lower sentence, but was more moved by his lengthy criminal history, which included no fewer than eight

arrests or convictions for possession or selling cocaine or cocaine base. While the aggregate amount of drugs involved may have been only 15.9 grams, it was Farley's criminal record, not the quantities of drugs themselves, that the district court found most relevant. Under § 3553(a), the court was permitted to impose a sentence that factored in respect for the law, adequate deterrence, and protection of the public. See 18 U.S.C. § 3553(a)(2)(A)-(C). In light of Farley's criminal record and history of substance abuse, the district court's imposition of 188-month concurrent sentences, at the low-end of the applicable guideline range and less than half of the 40-year statutory maximum for Count 5 alone, as well as directing his participation in a drug treatment program, was not unreasonable. We, therefore, affirm. Cf. Winingear, 422 F.3d at 1246 (holding that a sentence one-tenth the statutory maximum was not unreasonable in light of the defendant's criminal history, the factual circumstances of the offense, and the defendant's medical needs); see also United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006) (holding that a sentence almost one-third of the statutory maximum was reasonable).

**AFFIRMED.**