[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-16237
Non-Argument Calendar

_____

D.C. Docket No. 01-06070-CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

THOMAS GOVAN,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(April 26, 2002)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Thomas Govan was sentenced to 121 months of imprisonment after pleading

guilty to all four counts of an indictment charging him with possession with intent

to distribute at least five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). He has not appealed, but the government has for two reasons.

First, the government contends that the district court erred by refusing to apply the career offender guidelines to determine Govan's sentence. Govan responds that the district court did apply the career offender guidelines but instead departed downward from the career offender adjusted base offense level, effectively departing away the increase caused by his being a career offender. Our reading of the record indicates that the district court did refuse to apply the career offender guidelines. The district court set the adjusted base offense level, which included a 3-level decrease for acceptance of responsibility, at 29 instead of 31 and it did so immediately after being told that the base offense level was 34 with, and 32 without, the career offender guidelines being applied. In view of the 3-level reduction for acceptance of responsibility, the district court obviously began with level 32 which is the one without application of career offender status.

We turn now to the issue of whether the court's failure to apply the career offender guidelines is due to be reversed. We review a district court's factual findings for clear error and its application of the guidelines to those facts de novo. See United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998). A defendant is a career offender if: "(1) the defendant was at least eighteen years old at the time the

defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. The guidelines provide that "[i]f the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply." Id. The term "controlled substance offense" means an offense under either federal or state law, punishable by a term of imprisonment exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. § 4B1.2(b).

It is undisputed that Govan was at least 18 years old at the time he committed the offense and that this offense, distribution of at least five grams of cocaine base, is a controlled substance offense. It is also undisputed that Govan's prior convictions of delivery of cocaine on May 11, 1990, and possession of cocaine with intent to deliver or sell on September 29, 1994, qualified as controlled substance offenses within the meaning of § 4B1.2(b). Therefore, the district court was required by the plain language of the guidelines to apply the base offense level

3

of 34 as set out in the table within § 4B1.1. Its failure to do so was error. Accordingly, we vacate and remand for re-sentencing with an adjusted offense level of 31, which is where the district court should have arrived after beginning at the mandated base offense level of 34 and then applying the 3-level reduction for acceptance of responsibility.

Second, the government contends that the district court also erred when it departed downward from a criminal history category VI to IV. The district court gave as the basis for the downward departure its belief that Govan's criminal history category over-represented the seriousness of his prior offenses and that the government had engaged in sentencing manipulation. We review the district court's decision to depart downward from the sentencing guidelines only for an abuse of discretion. United States v. Davis, 204 F.3d 1064, 1065 (11th Cir. 1999). A district court, by definition, abuses its discretion when it makes an error of law. Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 2047 (1996).

"If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct . . ., the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S.S.G. § 4A1.3. We have held that a district court generally is authorized under § 4A1.3 to downwardly depart even if the defendant is a career

4

offender under § 4B1.1. United States v. Webb, 139 F.3d 1390, 1395 (11th Cir. 1998). However, we later clarified and restricted Webb, explaining that in Webb we "did not consider whether, once a district court determines prior convictions constitute serious drug offenses or crimes of violence invoking a career offender provision, it can then depart under § 4A1.3 because it concludes the prior offenses really were not serious or violent." United States v. Rucker, 171 F.3d 1359, 1363 n.7 (11th Cir. 1999). In Rucker, after the district court determined the defendant to be an armed career criminal within the meaning of U.S.S.G. § 4B1.4, it agreed with the defendant's argument that his prior drug convictions were "very minor," and then stated that the prior convictions indicated that the defendant was "a street dealer, and a little one at that." Id. at 1361. The district court in Rucker concluded that the defendant's criminal history category over-represented the seriousness of his prior offenses and downwardly departed three criminal history categories for that reason. Id. We held that the district court had erred by departing from § 4B1.4 based on its conclusion that even though the defendant's prior convictions fell within the statutory definition of serious drug offenses which the guidelines incorporate, those prior convictions actually involved only small amounts of drugs and, therefore, were "very minor." Id. at 1361, 1364.

In this case, the district court stated that Govan's criminal history over the last 15 years dealt only with small transactions for cocaine, and on that basis concluded that his criminal history category significantly over-represented the seriousness of the offense. That was error under the Rucker decision. Because the district court committed an error of law in the reasoning which led it to depart downward, it abused its discretion in departing for that reason.

The other basis the district court gave for the downward departure involved what it perceived to be the government's aggregation of the quantity of drugs for the purpose of reaching a higher sentence; essentially it found sentencing manipulation. "[S]entencing factor manipulation focuses on the government's conduct. It requires us to consider whether the manipulation inherent in a sting operation, even if insufficiently oppressive to support an entrapment defense...or due process claim...must sometimes be filtered out of the sentencing calculus." United States v. Sanchez, 138 F.3d 1410, 1414 (11th Cir. 1998) (internal quotation marks and citation omitted). In Sanchez, we noted that the issue of whether sentencing manipulation may be a valid basis for a downward departure had not yet been specifically addressed in this circuit, and that up to that time no other federal court of appeals had ordered a downward departure on the basis of sentencing manipulation. Id. We stated that even assuming sentencing

manipulation was a valid basis for a downward departure, the defendant in <u>Sanchez</u> was not entitled to a departure because the fact that the government's fictitious reverse sting operation involved a large quantity of drugs, instead of a smaller one which would have sufficed for conviction purposes, did not amount to the type of manipulative governmental conduct that might warrant a downward departure in sentencing. <u>Id.</u>

In the present case, the district court concluded there was sentence manipulation because the government aggregated separate quantities of crack cocaine by buying small quantities on four separate occasions, instead of stopping and arresting Govan after the first buy. But these circumstances are indistinguishable in principle from those in <u>Sanchez</u>. Making four purchases instead of just one in this case is no more manipulative than the government in <u>Sanchez</u> setting in motion a fictitious sting operation involving a large quantity of drugs instead of a small one. In this case the district court was also troubled by the government's admission that presenting four transactions in one case makes it easier to obtain a conviction, but there is nothing wrong with the government attempting to strengthen its case for conviction. Because the district court should not have departed downward in the criminal history category, we remand with instructions for it to re-sentence without departure.

The sentence is VACATED and the case is REMANDED with instructions that the district court re-sentence Govan using an adjusted base offense level of 31 and without any downward departure.