**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2005
THOMAS K. KAHN
CLERK

_____

**No. 05-11874**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-00022-CR-1-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN L. NELSON,
a.k.a "K Nel",

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Northern District of Florida**

_____

**(November 29, 2005)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Kevin L. Nelson appeals his 300-month sentence for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846. On appeal, Nelson argues that the district court was obligated under 18 U.S.C. § 3553(a) to consider sentencing factor manipulation and his drug addiction in sentencing him and that it failed to do so. He contends that the government's delay in arresting him and federally charging him despite numerous state arrests and convictions was "outrageous and conscience-shocking" sentencing factor manipulation. He also asserts that his drug addiction justified a substantial downward departure.

When a defendant makes an objection at trial, we review the sentencing court's application of the guidelines *de novo*. *United States v. Gallegos-Aguero*, 409 F.3d 1274, 1276 (11th Cir. 2005) (per curiam). The district court need not explicitly consider or discuss on the record each of the factors listed in 18 U.S.C. § 3553(a) at sentencing. *United States v. Scott*, 11th Cir. 2005, __ F.3d __, (No. 05-11843, Sept. 27, 2005).

A claim of sentencing factor manipulation "points to the opportunities that the sentencing guidelines pose for prosecutors to gerrymander the district court's sentencing options and thus, defendant[s'] sentences." *United States v. Sanchez*, 138 F.3d 1410, 1414 (11th Cir. 1998) (quotation marks omitted). While we have

2

not explicitly accepted or rejected the defense, *see id*., we noted in *United States v. Govan*, 293 F.3d 1248, 1251 (11th Cir. 2002) (per curiam), that "there is nothing wrong with the government attempting to strengthen its case for conviction." We have held that neither a fictitious government-organized "reverse sting" operation in which defendants agreed to break into a house to steal a large quantity of drugs, nor an aggregation of separate quantities of crack cocaine purchased by the defendant in small quantities on four separate occasions instead of stopping after the first purchase, constitutes sentencing factor manipulation. *See Sanchez*, 138 F.3d at 1414; *Govan*, 293 F.3d at 1251. In light of *Sanchez* and *Govan*, the facts of this case do not demonstrate manipulative conduct by the government.

Nelson's claim that his drug addiction justified a substantial downward departure is also without merit, as "[d]rug or alcohol dependence or abuse is not a reason for a downward departure." United States Sentencing Guidelines Manual § 5H1.4. While "a truly extraordinary post-arrest, pre-sentence recovery may exceed the degree of recovery contemplated in section 3E1.1 and therefore justify a downward departure," *United States v. Williams*, 948 F.2d 706, 710-11 (11th Cir. 1991), nothing in the record indicates that Nelson made such a recovery.

Upon review of the record and consideration of the parties' briefs, we find that the district court did not err by declining to consider sentencing factor

3

manipulation or Nelson's drug addiction in fashioning his sentence. Accordingly, we affirm.

**AFFIRMED.**

4