[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-16667

_____

D. C. Docket No. 03-60220-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE HICKS,
GERALD CAMPBELL,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(April 4, 2006)**

Before TJOFLAT and HULL, Circuit Judges, and RESTANI[*], Judge.

---

[*]Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

PER CURIAM:

Defendants Maurice Hicks and Gerald Campbell appeal their convictions for conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846, and carrying and possessing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

On appeal, one or both of the defendants raise the following arguments: (1) that 21 U.S.C. §§ 841 and 846 are unconstitutionally overbroad in that they allow the federal government to regulate conduct with little or no connection to interstate commerce; (2) that the government failed to establish the interstate commerce nexus required for federal jurisdiction; (3) that the government committed misconduct and improperly shifted the burden of proof to the defendants; and (4) that the district court erred in refusing to give requested jury instructions about multiple conspiracies and entrapment. After review and oral argument, we conclude that these arguments lack merit and warrant no further discussion.

Hicks and Campbell also both challenge their sentences. Campbell first argues that the district court erred reversibly by applying a career offender enhancement, pursuant to United States Sentencing Guidelines § 4B1.1. The government showed that Campbell had two prior Florida felony convictions for delivery of cocaine. Campbell did not deny these convictions; rather, he argued

2

that they were not "controlled substance offenses" for purposes of the career offender provision.[1] Because a conviction for delivery of cocaine clearly is an offense under state law that prohibits the distribution or dispensing of a controlled substance, we reject this argument. See United States v. Govan, 293 F.3d 1248, 1250 (11th Cir. 2002) (noting that it was undisputed that defendant's prior conviction for delivery of cocaine qualified as a controlled substance offense within the meaning of U.S.S.G § 4B1.2(b)).

Alternatively, Campbell argues that his two felony convictions cannot be used to enhance his sentence because the government failed to plead the convictions in the indictment or prove them to the jury. In Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), "the Supreme Court held that the government need not allege in its indictment and prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Marseille, 377

---

[1]U.S.S.G. § 4B1.1 states, in relevant part:
A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
U.S.S.G. § 4B1.1(a). The term "controlled substance offense" is defined in U.S.S.G. § 4B1.2 as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . ."

3

F.3d 1249, 1257 (11th Cir.), cert. denied, 543 U.S. 1013, 125 S. Ct. 637 (2004).

Campbell argues that the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), casts doubt on the vitality of Almendarez-Torres. However, as we have repeatedly explained post-Shepard, we are bound to follow the Supreme Court's precedent in Almendarez-Torres until the Supreme Court explicitly overrules it. See, e.g., United States v. Greer, — F.3d —, 2006 WL 435662 at *5-7 (11th Cir. Feb. 24, 2006); United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2006). Thus, the district court did not err in enhancing Campbell's sentence based on his prior convictions.[2]

However, as Campbell correctly notes, the district court committed statutory error under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), in sentencing Campbell under a mandatory, rather than an advisory, sentencing guidelines system. Because Campbell objected at sentencing based on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), we review his Blakely, now Booker, issue de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

---

[2]Campbell also argues that the district court erred reversibly in using hearsay information from his Presentence Investigation Report in calculating his sentence. Campbell failed to object in the district court to the use of this hearsay information, and thus we review this challenge only for plain error. See United States v. Olano, 507 U.S. 725, 731-32, 113 S. Ct. 1770, 1776 (1993). This Court has explained that the admission of hearsay evidence at a sentencing hearing "cannot be plain error." United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005). Indeed, we have decided that the right to confrontation does not apply at sentencing. United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005).

Statutory <u>Booker</u> error requires reversal only if the error was harmful. <u>United States v. Gallegos-Aguero</u>, 409 F.3d 1274, 1277 (11th Cir. 2005). A statutory <u>Booker</u> error is harmless "if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." <u>United States v. Mathenia</u>, 409 F.3d 1289, 1292 (11th Cir. 2005) (quotation marks and citations omitted). Under this standard, "[i]f one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." <u>Id.</u> (citation and punctuation omitted). The government bears the burden to show that the preserved statutory <u>Booker</u> error did not substantially affect the sentence. <u>Id.</u> Here, the government failed to point to any indication in the record that the district court would have imposed the same sentence under an advisory sentencing guidelines system, and thus the government failed to meet its burden. Accordingly, we vacate Campbell's sentence and remand for resentencing consistent with <u>Booker</u>.

Hicks also raises a statutory <u>Booker</u> argument. However, Hicks failed to raise a <u>Blakely</u>/<u>Booker</u> objection at sentencing, and thus we review his claim only for plain error. <u>United States v. Shelton</u>, 400 F.3d 1325, 1328 (11th Cir. 2005). Under this standard, we cannot correct an error the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affect[s]

5

substantial rights." United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002) (quotation marks and citation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks and citation omitted). Here, Hicks has failed to show a reasonable probability that the district court would have imposed a different sentence under an advisory sentencing guidelines system and thus has failed to meet the third prong of the plain-error test. See Shelton, 400 F.3d at 1332. Consequently, we affirm Hicks's sentence.

For the above reasons, we affirm Hicks's and Campbell's convictions and Hicks's sentence. As to Campbell's sentence, we affirm the career offender enhancement and the district court's correct calculation of Campbell's sentencing guidelines range but vacate for resentencing consistent with Booker.

AFFIRMED in part, REVERSED in part, and REMANDED.