[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13810
Non-Argument Calendar

_____

D. C. Docket No. 03-60220-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 27, 2007)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

After resentencing, Gerald Campbell appeals the reasonableness of his 324-

month sentence for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and carrying and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). After review, we affirm.

## I. BACKGROUND

Campbell's charges stemmed from a government sting in which Campbell and two codefendants, Maurice Hicks and Adrian Daniels, planned to rob a cocaine stash house containing fifteen kilograms of cocaine. Daniels pled guilty and cooperated with the government. Campbell and Hicks pled not guilty and went to trial.

Following trial, a jury convicted Campbell and Hicks on both counts. The jury specially found that the drug conspiracy involved five or more kilograms of cocaine. Hicks was sentenced to 228 months' imprisonment.

Prior to Campbell's sentencing, his Presentence Investigation Report ("PSI") found, among other things, that Campbell qualified as a career offender under the sentencing guidelines. The statutory maximum sentence for Campbell's drug conspiracy offense was life imprisonment, 21 U.S.C. § 841(b)(1)(A), and the PSI assigned Campbell a total offense level as a career offender of 37, pursuant to U.S.S.G. § 4B1.1(b)(A). The PSI listed seventeen adult convictions. However,

2

because Campbell was a career offender, the sentencing guidelines set and the PSI assigned, Campbell's criminal history category at VI regardless of his criminal history points. See U.S.S.G. § 4B1.1(b).

The PSI concluded that, as to the drug conspiracy offense, Campbell's statutory mandatory minimum was twenty years' imprisonment. See 21 U.S.C. § 841(b)(1)(A). As to the firearm offense, the PSI concluded that Campbell's statutory mandatory minimum was five years' imprisonment, and that the sentence must run consecutive to any other sentence. See 18 U.S.C. § 924(c)(1)(A)(i). Ultimately, the PSI calculated that Campbell's guidelines range by adding the mandatory minimum consecutive penalty of 60 months for the firearm count to the applicable 360 months to life imprisonment range for the drug conspiracy count, which yielded a total of 420 months to life. See U.S.S.G. § 4B1.1(c)(2)(A).

At the initial sentencing, Campbell objected to the PSI, asserting the "huge disparity" between his guidelines range and co-defendant Hicks's 228-month sentence. The district court overruled Campbell's objection and adopted the PSI's guidelines calculations. The district court then imposed a 360-month sentence for Campbell's drug conspiracy conviction, followed by a consecutive 60-month sentence on Campbell's firearm conviction, for a total of 420 months' imprisonment, imposed under a mandatory guidelines regime.

Campbell appealed to this Court, which vacated Campbell's sentence and directed the district court to resentence Campbell under advisory guidelines as required by United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Hicks, 174 F. App'x 505, 506-07 (11th Cir. 2006) (unpublished). However, this Court affirmed Campbell's career offender status and the district court's correct calculation of Campbell's guidelines range and vacated only for resentencing consistent with Booker.[1]

At resentencing, the government asked the district court to reimpose a 420-month sentence. Campbell raised several arguments in mitigation, including: (1) that Campbell's offense, though serious, arose out of a government sting operation in which the government was in control and no one would actually be harmed, and (2) that many of Campbell's prior convictions were petty or a result of his drug problem. However, Campbell argued that the most important factor was the disparity between his advisory guidelines range and his co-defendant Hicks's 228-month sentence. According to Campbell, the only difference between him and Hicks was Campbell's career offender status and that Hicks had been the organizer of the drug conspiracy. Thus, Campbell maintained that he should receive a

---

[1]Campbell's instant federal drug conspiracy conviction and his two prior Florida felony convictions for delivery of cocaine qualified Campbell for career offender status within the meaning of U.S.S.G. § 4B1.2(b). See Hicks, 174 F. App'x at 506.

sentence similar to Hicks's 228-month sentence.

The district court stated that it had considered the 18 U.S.C. § 3553(a) sentencing factors and noted that a "lengthy prison sentence [was appropriate] in view of the seriousness of the offense and [Campbell's] criminal history." However, the district court also concluded that a sentence below the advisory guidelines range was appropriate, noting that such a sentence would: (1) still reflect the seriousness of the offense, promote respect for the law, provide just punishment and adequately deter criminal conduct; (2) protect the public from future crimes by Campbell, noting especially Campbell's age upon release; and (3) provide time for education and vocational training. The district court also stated that a sentence below the advisory guidelines range would be "more proportional to the sentence received by [co-defendant Hicks], who was equally if not more culpab[le]," and yet still would be "sufficiently longer" than Hicks's sentence to account for Campbell's "more serious criminal history [and] career offender status." Accordingly, the district court imposed a 264-month sentence on the drug conspiracy conviction and a consecutive 60-month sentence on the firearm conviction, for a total sentence of 324 months' imprisonment.

Campbell filed this timely appeal.

## II. DISCUSSION

On appeal, Campbell argues that his 324-month sentence is unreasonable due to the disparity between it and codefendant Hicks's 228-month sentence. Specifically, Campbell argues that his sentence should be closer to Hicks's sentence because Hicks was convicted under the same charges, was the organizer of the planned robbery, and also had a substantial criminal history.

After Booker, a district court, in determining a reasonable sentence, must correctly calculate the advisory guidelines range and then consider the factors set forth in 18 U.S.C. § 3553(a).[2] See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).[3] We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). "[T]he party challenging the sentence bears the initial burden of establishing that the district court considered an impermissible factor at sentencing." United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006).

---

[2]The § 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1)-(2), (6).

[3]In this appeal, Campbell does not challenge the district court's guidelines calculations. Indeed, in the first appeal, this Court already held that the district court's guidelines calculations were correct. See Hicks, 174 F. App'x at 507.

After review, nothing in the record convinces us that Campbell's 324-month sentence is unreasonable. First, Campbell's sentence is well below the statutory maximum of life imprisonment, 96 months below the bottom end of the advisory guidelines range and only 24 months above the total 300-month mandatory minimum sentences (240 months followed by 60 months). Second, the district court carefully considered the § 3553(a) sentencing factors, noting the need for the punishment to reflect the seriousness of the offense and the need for deterrence and protection of the public, among others. Third, the district court considered Campbell's proportionality argument. In determining that Campbell's sentence needed to be proportionate with co-defendant Hicks's sentence, yet still reflect Campbell's distinct career offender status and extensive criminal history, the district determined that a sentence of 324-month sentence was appropriate. On the record before us, Campbell has not shown that his 324-month sentence is unreasonable.

**AFFIRMED.**