[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16313
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00019-TCB-RGV-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNY GROVER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 6, 2017)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kenny Grover appeals an 84-month sentence. Grover received his sentence

after pleading guilty to three counts of conspiracy to attempt to distribute

methamphetamine and three counts of extortion under color of official right.  21 U.S.C. §841(a), 18 U.S.C. 1951.  Grover's sentence was a downward variance from the Guideline range.  On appeal, he advances two arguments.  First, he argues that he should have received a sentence reduction based on the government's alleged sentencing factor manipulation.  Second, he argues that the District Court clearly erred in applying a role enhancement under U.S.S.G. § 3.1B1.1(c) to his sentencing calculation.  The first contention we dispose of on the facts.  The second we need not decide on the merits because any Guideline enhancement errors were harmless and the sentence was substantively reasonable.

## I.

We review a district court's Guideline findings of fact for clear error and will disturb them only if a review of all the evidence leaves this Court with "a definite and firm conviction that a mistake has been committed."  *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004).  The district court's factual findings in support of a sentencing enhancement must be affirmed if plausible in light of the record as a whole.  *United States v. Ladson*, 643 F.3d 1335, 1341 (11th Cir. 2011).   The reasonableness of a final sentence is reviewed only for abuse of discretion.  *United States v.* Decampo, 573 F.3d 1091, 1096 (11th Cir. 2009).  This Court reviews *de novo* the district court's interpretation and application of the Guidelines.  *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir.

2002).  Harmless error review applies to a district court's Guideline calculations if the court would have imposed the same sentence after considering the 18 U.S.C. § 3553(a) factors, regardless of any potential Guideline error.  *United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006).

## A.

The District Court did not err in declining to reduce Grover's total sentence under the doctrine of sentencing factor manipulation.

Sentencing factor manipulation occurs when the government manipulates a sting operation to increase a defendant's potential sentence.  *United States v. Haile*, 685 F.3d 1211, 1223 (11th Cir. 2012).  This doctrine "asks whether the manipulation inherent in a sting operation, even if insufficiently oppressive to support an entrapment defense, or due process claim, must sometimes be filtered out of the sentencing calculus."  *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017) (citation omitted).  "[T]o bring sting operations within the ambit of sentencing factor manipulation, the government must engage in extraordinary misconduct."  *United States v. Ciszkowski*, 492 F.3d 1264, 1271 (11th Cir. 2007).  The standard a defendant must meet is therefore "high."  *Id.*  A finding of sentencing factor manipulation "would simply reduce the sentence applied to a defendant's conduct."  *Id.* at 1270.  Although this Court recognizes sentencing factor manipulation as a potential means of sentence reduction, we have *never*

3

applied it to reduce a sentence nor otherwise countenanced the doctrine as a legitimate defense. *See Lange*, 862 F.3d at 1296.

Grover argues the government wrongfully manipulated his sentencing factors by unnecessarily increasing both the quantity of methamphetamine used in the sting and the number of transactions in which he accepted bribes, noting the government's control over all facets of the case. This argument fails. Not only have we never found government conduct "sufficiently reprehensible" to reduce a sentence based on sentencing factor manipulation, we have uniformly rejected such claims under similar circumstances. *See, e.g., Ciszkowski*, 492 F.3d at 1271 (noting that "[g]overnment-created reverse sting operations are recognized and useful methods of law enforcement investigation" and finding that government's selection of firearm with silencer was not manipulation even though it resulted in Guideline enhancement); *United States v. Bohannon*, 476 F.3d 1246, 1262 (11th Cir. 2007) (government's selection of "minor" victim for sting operation was not manipulation despite resulting enhancement); *United States v. Sanchez*, 138 F.3d 1410, 1414 (11th Cir. 1998) (government's selection of a large quantity of drugs was insufficient to find manipulation); *United States v. Govan*, 293 F.3d 1248, 1251 (11th Cir. 2002) (government's decision to make four purchases instead of one, even when intended to strengthen the case for conviction, was not manipulation); *Lange*, 862 F.3d at 1296–97 (conducting five transactions rather

than one was not outrageous in light of the government's interest in removing firearms from the streets). This precedent presents a formidable obstacle Grover cannot overcome. This is especially so when, as Special Agent Hosty testified, the government had a legitimate interest in identifying *all* corrupt corrections officers through repeated operations. *Cf. Lange*, 862 F.3d at 1297.

The defendant cannot show that the government's actions were extraordinary enough to warrant a sentence reduction based on factor manipulation. The District Court therefore did not err, and accordingly we affirm in this respect.

## B.

We need not reach the question of whether the District Court properly enhanced Grover's offense level for playing a leadership role, because any error in Guideline application would have been harmless.

As stated above, we review the imposition of an aggravating role enhancement for clear error. *See Rodriguez-Lopez*, 363 F.3d at 1137. However, "it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *Keene*, 470 F.3d at 1349. Such an error is harmless if, assuming the Guidelines issue had been decided in the defendant's favor, (1) the district court would have imposed the same sentence, and (2) the sentence imposed was reasonable in light of the §

5

3553(a) factors.  Because the District Court stated at sentencing that it "would have sentenced this defendant to 84 months regardless of how [it] ruled on the objections in this case[,]" the only remaining issue is whether that sentence is reasonable.

Our review of a sentence for reasonableness is "deferential," and places the burden on the defendant to prove his sentence unreasonable in light of the record and § 3553(a).  *Keene*, 470 F.3d at 1350 (citation omitted).  Although we are not required to presume a sentence is reasonable because it falls within the Guideline range, we normally expect a sentence within that range to be reasonable.  *See Rita v. United States*, 551 U.S. 338, 347, 127 S. Ct. 2456, 2462–63 (2007).  We consider the totality of the circumstances, including any variance from the Guideline range.  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (*citing Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).

Here, Grover's 84-month sentence constitutes an 84-month downward variance *below* the low end of the Guideline range.  Because of this downward variance, and because we find the sentence otherwise reasonable under all the circumstances,[1] it cannot be said the District Court clearly erred. We therefore

---

[1] The Appellee puts it well: "At the time of his offenses, Grover was a [Georgia Department of Corrections ("GDOC")] correctional officer who accepted multiple bribe payments from a purported drug trafficker in return for his assistance with and protection of the delivery of eight kilograms of what he believed to be methamphetamine, all while wearing his GDOC uniform . . . . In short, Grover sold his badge to a drug dealer for personal profit."

affirm in this respect without addressing the merits of the Guideline enhancement challenge.

For the above reasons, the District Court's sentence is **AFFIRMED.**

---

Accordingly, the District Court stressed that the 84-month sentence was "necessary" and that "[t]his was a very serious crime, and it deserves serious time."