[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 20-14776

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL BERNARD LAWSON,

Defendant- Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00375-JA-CPT-1

————————————

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Michael Lawson appeals his total sentence of 120 months' imprisonment for possessing firearms as a felon and distributing cocaine base.  Lawson argues first that the district court erred by categorizing him as a career offender because the *Shepard*[1] documents for one of his prior offenses were inconsistent and did not plainly speak to his prior conviction.  Second, Lawson argues that the court improperly imposed a firearm enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the firearms he possessed and sold were not connected to his drug offenses.  Third, Lawson argues that the district court should have found sentencing factor manipulation because law enforcement officers did not arrest him after his first offense and continued to transact with him even though he was on community control.  Fourth, Lawson argues that his sentence is grossly disproportionate in violation of the Eighth Amendment and his Fifth Amendment substantive due process rights.  After review, we affirm and remand for the limited purpose of correcting the judgment to reflect that Count 4 of Lawson's indictment did not charge him with possession of ammunition.

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

## I.    Background

In April 2019, Lawson sold crack cocaine to an undercover officer and confidential informant four times. After the second sale, the undercover officer and confidential informant asked Lawson if he would sell them guns, which he agreed to do. The third sale took place in a motel, where Lawson sold them crack cocaine and a pistol; and the fourth sale took place in the officer's car, where Lawson sold the officer and confidential informant crack cocaine, a short-barreled shotgun, and ammunition.

Lawson pleaded guilty to four counts of distributing cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The United States sought a sentence enhancement based on Lawson's prior drug convictions. So, Lawson faced an enhanced statutory-maximum term of 30 years' imprisonment for his crack-cocaine offenses.

The United States Probation Office recommended classifying Lawson as a career offender because he had two prior state court convictions—one for a crime of violence (a 2011 Florida conviction for aggravated assault of a law enforcement officer with a firearm) and another for a controlled substance offense (a 2004 Florida conviction for possession, sale, or delivery of cocaine within 1000 feet of a place of worship). *See* U.S.S.G. § 4B1.1(a). As

relevant here, the state court judgment underlying the 2004 conviction identified the statute of conviction as Fla. Stat. § 893.13(1)(e)(1), and the crime of conviction as "possession sale or delivery of cocaine within 1000 feet of a place of worship."[2] Similarly, the waiver-of-rights form for Lawson's state court guilty plea described the crime as "cocaine sale w[ithin] 1000 feet of church." However, the  state court charging document cited the incorrect statute in the description of the offense, correctly listing the alleged crime as "POSSESSION, SALE OR DELIVERY OF COCAINE WITHIN 1000' OF A PLACE OF WORSHIP 893.13(1)(e)1," but also stating incorrectly that Lawson did "feloniously possess, sell or deliver a controlled substance . . . Cocaine … within 1000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services, contrary to **Sections 893.135(1)(e)1**," adding a "5" to the statute number. [3]

The probation office recommended a base offense level of 26 for Lawson's federal offenses, because his sale of guns and drugs to undercover officers included selling a short-barreled shotgun and Lawson had two prior felony convictions for a crime of

---

[2] *See* Fla. Stat. § 893.13(1)(e)(1) ("a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance . . . within 1,000 feet of a physical place for worship at which a church . . . regularly conducts religious services").

[3] Fla. Stat. § 893.135(1)(e)(1) prohibits trafficking methaqualone.

violence and a controlled substance offense.  *See* U.S.S.G. § 2K2.1(a)(1)(B).  The office recommended an additional four levels under U.S.S.G. § 2K2.1(b)(6)(B) because these offenses had involved Lawson's possession of a firearm in connection with his distribution of crack cocaine.  Thus the total adjusted offense level was 30, which was less than his offense level under the career-offender guidelines—31—and therefore did not apply.  *See* U.S.S.G. § 4B1.1(b)(2).

Based on a total offense level of 31, and a criminal-history category of VI, Lawson had an advisory guideline range of 188 to 235 months imprisonment.

At his first sentencing hearing, Lawson objected to the PSI's application of the sentencing guidelines' career offender and firearm enhancements.  The district court heard argument on Lawson's objections but continued the sentencing hearing to allow the parties to discuss and brief the issues further.  Both parties then filed additional sentencing memoranda.  And upon reconvening two months later, the court overruled Lawson's objections, including a new factor manipulation objection, and sentenced Lawson to serve a total of 120 months in prison, 68 months below the low end of the guideline range.  This appeal followed.

## II.    Discussion

Lawson argues that the district court erred by classifying him as a career offender, applying a four-level enhancement to his offense level for possession of a firearm in connection with another felony, denying his claim of sentence factor manipulation by government agents, and sentencing him to a term that violates his Fifth and Eighth Amendment rights.

### A. Career Offender Categorization

Lawson argues that he is not a career offender because the *Shephard* documents do not clearly explain the elements of his previous conviction for the possession, sale, or delivery of cocaine within 1000 feet of a place of worship.

We review a career offender classification *de novo*. *United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2010). We review factual findings for clear error. *United States v. Wilks*, 464 F.3d 1240, 1243 (11th Cir. 2006). We can affirm for any reason with support in the record. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012). When the government pursues an enhancement and the defendant makes a factual objection, the government has the burden of proving the contested fact by a preponderance of the evidence. *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013). An attorney's arguments are not evidence unless the parties agree on the attorney's factual assertion. *Id.*

A defendant is a career offender if he (1) committed his current crimes of conviction as an adult, (2) his current convictions are felonies that are either crimes of violence or controlled substance offenses, and (3) he has at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). A controlled substance offense means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year" that prohibits manufacture, distribution, or possession of a controlled substance. U.S.S.G. § 4B1.2(b).

Section 893.13(1)(e)(1) of the Florida Statutes prohibits the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver a controlled substance, including cocaine, within 1,000 feet of a place of worship or a convenience business. Fla. Stat. § 893.13(1)(e)(1); Fla. Stat. § 893.03(2)(a)(4) (listing cocaine and its derivatives as Schedule II drugs). Violations of § 893.13(1)(e)(1) are felonies punishable by more than one year in prison. Fla. Stat. § 893.13(1)(e)(1); *see also* Fla. Stat. § 775.082(3) (penalties). Lawson does not argue that § 893.13(1)(e)(1) offenses are not controlled substance offenses under the sentencing guidelines. Instead, Lawson argues that it is not clear that he was convicted of § 893.13(1)(e)(1) because of a typographical error in the state's charging document.

We look to the offense of conviction to determine whether it qualifies as a controlled substance offense for purposes of

U.S.S.G. § 4B1.2. If the statute in question is divisible—meaning it "sets out one or more elements of the offense in the alternative"—this Court uses the modified categorical approach. In *Spaho v. United States Attorney General*, 837 F.3d 1172, 1177 (11th Cir. 2016), this Court held that § 893.13 is divisible such that the court may apply a modified categorical approach by consulting a limited class of documents to determine which alternative way of committing the offense formed the basis of the defendant's prior conviction.[4] The modified categorial approach "look[s] beyond the statutory elements of the prior conviction by considering *Shepard*-approved documents for the limited purpose of ascertaining which of the alternative elements formed the basis of the defendant's conviction." *Id. Shepard* documents include charging documents, judgments, plea agreements, plea colloquy transcripts, or comparable records of the defendant that adopt factual findings upon entering a plea. *See Shepard v. United States*, 544 U.S. 13, 26 (2005); *Dudley*, 5 F.4th at 1257. The *Shepard* documents must speak plainly to the elements of a defendant's conviction so that we can determine whether the defendant was convicted of a crime that consists of the requisite elements to satisfy a federal offense

---

[4] To the extent Lawson argues that the district court should have applied the categorical approach, his argument is unpersuasive in light of *Spaho*. Because Fla. Stat. § 893.13 is divisible, the district court properly applied the modified categorical approach.

classification.  *United States v. Gandy*, 917 F.3d 1333, 1340 (11th Cir. 2019).

Lawson argues that the *Shephard* documents do not "speak plainly" to the elements of his prior offense because the state court charging document references Fla. Stat. § 893.135(1)(e)(1) instead of § 893.13(1)(e)(1).  The district court did not commit clear error when it determined that this single reference to § 893.135 was a typographical error and that the other state court documents spoke plainly enough to determine that Lawson was convicted of "possession, sale, or delivery of cocaine within 1000 [feet] of a place of worship."  *Wilks*, 464 F.3d at 1243 (explaining that we review factual findings for clear error).  While there is one place in the description of the charge where the information states that Lawson is charged with a violation of § 893.135(1)(e)(1) instead of Fla. Stat. § 893.13(1)(e), that paragraph also specifically states that he was pleading guilty to a count of possession of cocaine "within 1,000 feet of a physical place for worship."  Additionally, the official court records repeatedly indicated that Lawson was pleading guilty to "POSSESSION SALE OR DELIVERY OF COCAINE WITHIN 1000 FEET OF A PLACE OF WORSHIP" in violation of § 893.13(1)(e)(1).  Therefore, the court record "speak[s] plainly in establishing the elements of" Lawson's 2004 conviction.  *Gandy*, 917 F.3d at 1340 (quotation omitted).  Because Lawson was convicted of violating a state law prohibiting the possession, sale or delivery of cocaine, punishable by more than a year of imprisonment, Fla. Stat. § 775.082(3), the conviction qualified as a

controlled substance offense under the career offender statutory guidelines.  U.S.S.G. § 4B1.2(b).

And therefore, because Lawson was (1) an adult when he committed the current offense, (2) his current offense is a controlled substance offense and (3) Lawson had two prior offenses for crimes of violence or controlled substances, the district court properly sentenced him as a career offender under U.S.S.G. § 4B1.2(b).

### B.  Possession of a Gun in Connection with Another Felony

Lawson argues that the district court erred in applying a four-level enhancement for possession of a firearm in connection with another felony offense (distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)) because the firearms he sold to undercover agents did not facilitate the drug transaction.

A court's determination that a defendant possessed a gun in connection with another felony is a finding of fact that we review for clear error.  *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019).  At sentencing, district courts may base factual findings on undisputed statements in the presentence investigation report. *United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009).

Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred

any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense" the resulting offense level "increase[s] by 4 levels."    Generally, this enhancement applies when the gun facilitated or had the potential to facilitate another felony offense and applies automatically "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs." *Id.* cmt. (n.14(A–B)); *Bishop*, 940 F.3d at 1250.

The Guidelines define a drug trafficking offense, in part, as "any offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. (n.2); *United States v. Martinez*, 964 F.3d 1329, 1334 n.2 (11th Cir. 2020) (quoting *United States v. Perez*, 366 F.3d 1178, 1182 (11th Cir. 2004)) ("Although section 2K2.1 does not define 'drug trafficking offense,' we've said that '[w]here the same language appears in two guidelines, it is generally presumed that the language bears the same meaning in both . . . [W]here two sentencing guidelines are worded identically, absent any distinctions or clarifying words noted in the Commentary, they should be interpreted and applied in the same manner.'").

Lawson sold cocaine base to the officers.  Coca leaves and its salts, compounds, derivatives, and preparations are controlled substances under federal law.  21 C.F.R. § 1308.12(b)(4).

Here, the court did not clearly err by finding that the firearms were in close proximity to Lawson's drugs and applying the enhancement on that basis.  The presentence investigation report indicated that Lawson sold drugs and a gun on two occasions.  Thus, his firearms were in close proximity to the drugs and were therefore connected to his drug offenses.  Accordingly, the § 2K2.1(b)(6)(B) enhancement automatically applies.  *See Bishop*, 940 F.3d at 1250; § 2K2.1(b)(6)(B) cmt. (n.14(B)).

### C.  Sentence Factor Manipulation

Lawson argues that the district court erred when it refused to reduce Lawson's sentence and held that law enforcement did not engage in sentence factor manipulation when law enforcement continued to transact with Lawson as opposed to arresting him after the first sale.

We review a district court's refusal to reduce a sentence due to alleged sentencing factor manipulation for an abuse of discretion.  *See United States v. Haile*, 685 F.3d 1211, 1223 (11th Cir. 2012).  "While our Circuit does not recognize sentencing entrapment as a viable defense, we do recognize the outrageous government conduct defense, and we have considered sentencing manipulation as a viable defense."  *United States v. Ciszkowski*, 492

F.3d 1264, 1270 (11th Cir. 2007). "[S]entencing factor manipulation occurs when the government's manipulation of a sting operation, even if insufficient to support a due process claim, requires that the manipulation be filtered out of the sentencing calculus." *Id.* To constitute sentencing factor manipulation, the defendant must demonstrate that the government engaged in extraordinary misconduct. *Id.* at 1271. "This Court has never reduced a sentence on the basis of sentencing factor manipulation." *United States v. Lange*, 862 F.3d 1290 (11th Cir. 2017); *United States v. Docampo*, 573 F.3d 1091, 1097–98 (11th Cir. 2009). And we have declined previously to find sentence factor manipulation in similar contexts. *See Lange*, 862 F.3d at 1296 (rejecting defendant's argument that government committed sentence factor manipulation where it encouraged commission of five separate criminal transactions instead of arresting defendant after first sale).

In *Govan*, we held that a court incorrectly found sentence factor manipulation when the government bought small quantities of crack cocaine from the defendant on four separate occasions rather than arresting the defendant after the first purchase. *United States v. Govan*, 293 F.3d 1248, 1251 (11th Cir. 2002). We held that the government conducting several purchases of small amounts of drugs was not more manipulative than one purchase of a large amount, and that the government was allowed to pursue multiple transactions to make conviction easier. *Id.* And in *Haile*, we held that the district court did not abuse its discretion in finding that the government did not engage in sentencing factor manipulation,

when undercover officers involved in a sting operation originally focused on drugs, initiated conversation about guns with the defendant and asked him to sell them some. *Haile*, 685 F.3d at 1214–15, 1223.

Here, the district court did not abuse its discretion by declining to find sentencing factor manipulation. Lawson failed to demonstrate that the government engaged in extraordinary misconduct. *See Ciszkowski*, 492 F.3d at 1271. Under our precedent, solely allowing a defendant to continue to engage in illegal transactions instead of arresting the defendant right away does not amount to extraordinary misconduct, and neither does escalating the undercover buy to include guns as well as drugs.[5] *See Govan*, 293 F.3d at 1251; *Haile*, 685 F.3d at 1214-15. Here, the district court did not abuse its discretion in determining that the conduct of law enforcement could not be classified as extraordinary misconduct.

---

[5] Lawson emphasizes that because he was subject to a form of Florida house arrest called community control at the time of these transactions, he should have been arrested right away. However, under our precedent, the police do not engage in extraordinary conduct by waiting for further illegal activity before arresting, regardless of whether the unlawful activity was selling drugs or violating the conditions of community control. *Govan*, 293 F.3d at 1251.

### D. Constitutional Challenges

Finally, Lawson argues that his 120-month sentence violates the Eighth Amendment prohibition on cruel and unusual punishment.[6]

We review constitutional challenges to a sentence *de novo.*[7] *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005). "Outside the context of capital punishment cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." *United States v. Suarez*, 893 F.3d 1330, 1335–36 (11th Cir. 2018) (quotations omitted). We first examine whether the defendant has shown that his sentence is grossly disproportionate to the offense. *Id.* at 1336; *United States v. Johnson*, 451 F.3d 1239,

---

[6] Lawson also mentions in passing a violation of his Fifth Amendment substantive due process rights. To the extent he intended to raise a separate Fifth Amendment claim independent of his Eighth Amendment claim, he has abandoned any substantive due process or arbitrariness claim by making them in passing in a perfunctory manner in his brief without supporting arguments or authority. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003); *United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020), cert. denied, 141 S. Ct. 2538, 209 L. Ed. 2d 561 (2021)).

[7] Lawson's counsel mentioned the Eighth Amendment claim in passing during the December 11 sentencing hearing. We would typically review an Eighth Amendment claim of cruel and unusual punishment not raised before the district court for plain error. *United States v. Suarez*, 893 F.3d 1330, 1335 (11th Cir. 2018). However, because his claim fails under either standard of review, we will assume without deciding that Lawson preserved it below and review it *de novo. See United States v. Carthen*, 906 F.3d 1315, 1322 (11th Cir. 2018).

1243 (11th Cir. 2006). "If we find that it is, we then consider sentences imposed on others convicted of the same crime" to determine if this sentence was disproportionate in comparison. *Suarez*, 893 F.3d at 1336 (quotations omitted). Sentences within statutory limits generally do not violate the Eighth Amendment because we give substantial deference to Congress' authority to make decisions about punishing crimes. *United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016). "This Court has never found a non-capital sentence of an adult to violate the Eighth Amendment." *Id.*

Here, Lawson's sentence was not grossly disproportionate because it was a noncapital sentence below the statutory limits. *Suarez*, 893 F.3d at 1335–36. The district court sentenced Lawson to only 120 months imprisonment, well below the statutory maximum of 30 years' imprisonment. Therefore, Lawson has not shown that the sentence was grossly disproportionate.

★      ★      ★

Although we affirm Lawson's sentence, there is a clerical error in his judgment. In Count 4 of the judgment, the court indicated that Lawson was convicted of possessing a firearm and ammunition as a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). However, Count 4 in the indictment alleges solely that Lawson possessed a firearm. Thus, we remand to the district court with instructions to amend the judgment to correct the clerical error. *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir.

2006) ("We may sua sponte raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors.").

**AFFIRMED IN PART; REMANDED.**